■ In the Matter of the Claim of GRACE AMES (Now GRACE A. AMO) et al., Respondents, against BRENTWOOD FIRE DEPARTMENT et al., Appellants. In the Matter of the Claim of KATHERINE ELLIOTT et al., Respondents, against BRENT-WOOD FIRE DEPARTMENT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals by an employer and its insurance carrier from awards of death benefits made by the Workmen's Compensation Board to the widows and minor children of two deceased volunteer firemen. The volunteer fire departments of two fire districts are involved: The Dix Hills Volunteer Fire Department and the Brentwood Fire Department. Decedents were members of the Brentwood Fire Department, and while in the course of fire fighting they were both fatally burned. On May 4, 1952, a fire originated in the Dix Hills fire district and a call was issued for assistance from other volunteer fire departments. The Brentwood Fire Department responded to this call and sent two pieces of equipment to the Dix Hills territory. After the fire had been brought under control so far as the Dix Hills territory was concerned the firemen from the Brentwood district, among them the decedents, returned to their own ground. In the meantime, the fire had extended to their territory, and while fighting the fire in their own district and before they returned to their own engine house the decedents were fatally injured. It is appellants' contention that since the Dix Hill district issued the call for assistance it should be responsible for all ensuing damages under section 10 of the Workmen's Compensation Law. This section provides in part " if an injury occurs to a volunteer fireman while assistance is being rendered to another city, town, village, fire district, * * * upon the call of such city, town, village, fire district, fire protection district, fire alarm district, or territory outside any such district, or while going to or returning from the place from whence such call came, or death shall result from any such injury, the payment of compensation therefor shall be secured, paid and provided by such other city, town, village, * * * or territory outside any such district, so issuing the call for assistance." We think that under the language of this section the board was justified in assessing liability against the Brentwood fire district. Decedents were actually fighting fire in that district at the time their accidental injuries were sustained. They had ceased to do anything for the Dix Hills fire district and were on their own ground. There is nothing in the section quoted that required their actual return to their own fire house before liability on the part of the Dix Hills fire district ceased. When decedents met with their fatal injuries they were not rendering assistance to another district and neither were they going to nor returning from a foreign district but rather were actually performing their duties as volunteer firemen within their own district. Awards unanimously affirmed in each case, with costs to the respondents, Dix Hills Volunteer Fire Dept. and Standard Accident and Insurance Co. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ. [See *post*, p. 985.]